EKO Real Estate Management, Inc., Appellant,
against
Patricia Norville, RONALD TAYLOR, and TOMICA DUNCAN, Respondents.



Appeal from an order of the Civil Court of the City of New York, Kings County (Maria Milin, J.), dated September 25, 2014. The order, insofar as appealed from as limited by the brief, granted the branch of a motion by Patricia Norville, Ronald Taylor and Tomica Duncan seeking summary judgment dismissing the petition.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of the motion by Patricia Norville, Ronald Taylor and Tomica Duncan seeking summary judgment dismissing the petition is denied.
Landlord commenced this holdover proceeding alleging that it had terminated an oral rental agreement and that, subsequently, Patricia Norville, Ronald Taylor and Tomica Duncan (occupants) continued in possession of the subject apartment without permission. The petition further alleges that the subject apartment, D1, had been rent-stabilized, but had become high-rent decontrolled. It is undisputed that, prior to occupying the subject apartment, occupants had lived in a rent-stabilized apartment, B3, in the same building. Occupants moved, insofar as is relevant to this appeal, for summary judgment dismissing the petition, arguing that, because they had moved into the subject apartment at landlord's request, the lease for the subject apartment retained the same rent-stabilized protections as the lease for their prior apartment. Occupants also argued that, in any event, the subject apartment is, contrary to landlord's allegations, subject to rent stabilization. As limited by its brief, landlord appeals from so much of an order of the Civil Court dated September 25, 2014 as granted that branch of occupants' motion.
Summary judgment is a drastic remedy and should not be granted when there is any doubt as to the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Here, the record does not establish, as a matter of law, that the rent-stabilized protections for apartment B3 had not been waived, as the parties made contradictory allegations regarding the circumstances surrounding the move to apartment D1. Nor does the record establish, as a matter of law, that apartment D1 itself remains subject to rent stabilization, having not been properly decontrolled (see generally Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.2).
Accordingly, the order, insofar as appealed from, is reversed and the branch of occupants' motion seeking summary judgment dismissing the petition is denied.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017